Filed 11/19/25  P. v. Johnson CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064125 |
| v. | (Super. Ct. No. RIF1601253) |
| JEREMIAH JOSEPH JOHNSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Riverside County, Thomas Kelly, Judge. Reversed and remanded.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Jeremiah Joseph Johnson appeals the denial of his petition to recall his sentence and resentence him pursuant to Penal Code section 1172.75.[1] We reverse and remand for resentencing.

FACTS

Johnson pleaded guilty to drug-related crimes in 2017. He also admitted he had served prior prison terms for purposes of section 667.5, subdivision (b). The court sentenced Johnson to an aggregate term of eight years. During the sentencing hearing, the court imposed one year for each prior prison term enhancement but then struck those punishments.[2]

Johnson petitioned for recall and resentencing pursuant to section 1172.75. Because punishments on his prison priors were stricken, the court ruled he was ineligible based on *People v. Rhodius* (2023) 97 Cal.App.5th 38, which our high court recently reversed in *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*).[3]

DISCUSSION

Johnson contends the trial court erred in denying his resentencing petition based on section 1172.75. We agree.

---

[1] All statutory references are to this code.

[2] As a separate aspect of Johnson's sentence, the court doubled the punishments for his convictions, under the three strikes law.

[3] In the alternative to resentencing under section 1172.75, Johnson requested a "recall and resentence . . . under section 1172.1." The court did not reach that request, noting section 1172.1 did not require the court to rule on the invitation.(§ 1172.1, subd. (c).) Because we remand for section 1172.75 resentencing, we need not reach the section 1172.1 request either.

In contrast to the punishment at issue in *Rhodius*, the sentencing court here did not stay but rather struck the prior prison enhancements. (*Rhodius, supra*, 17 Cal.5th at p. 1056.) The question before us is whether section 1172.75 entitles Johnson to a resentencing hearing even though the enhancements were stricken for the purposes of sentencing. *Rhodius* explicitly did not reach this question. (*Rhodius,* at p. 1066, fn. 2.)

We agree with defendant that he is entitled to resentencing pursuant to section 1172.75.

A pre-*Rhodius* case on point convincingly concluded that section 1172.75 applies to enhancements which were *stricken* at sentencing, not just those that are imposed but stayed at sentencing. (*People v. Espino* (2024) 104 Cal.App.5th 188, 193, review granted Oct. 23, 2024, S286987 (*Espino*).) We agree with the *Espino* majority that there is no sound reason to differentiate between section 667.5 enhancements which have been stayed and those that have been stricken for purposes of sentencing. In each of these cases, the judgment still contains a now-invalid enhancement for a prior prison term. (*Espino*, at pp. 197–198, 201.) And a recent case followed *Espino*, concluding its reasoning was "bolstered by the Supreme Court's recent decision in *Rhodius*." (*People v. Cota* (2025) 112 Cal.App.5th 1118, 1133.)

## DISPOSITION

The postjudgment order denying Johnson's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended

abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.

4